MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
FAX: (406) 657-6058
Email: mark.smith3@usdoj.gov

JOHN C. CRUDEN, Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Section Chief
NICOLE M. SMITH, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0368
Fax: (202) 305-0275
E-mail: nicole.m.smith@usdoj.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, *et al.*, <br> Plaintiffs, <br> v. <br><br> LEANNE MARTEN, *et al.,* <br> Defendants. | CV 15-99-M-BMM <br><br> BRIEF IN SUPPORT OF UNOPPOSED MOTION TO DISMISS |

## INTRODUCTION

This is an environmental case challenging the U.S. Forest Service's ("Forest Service") Greater Red Lodge Vegetation and Habitat Management Project ("Project"). In May 2015, the Forest Service approved two Records of Decision ("RODs") for the Project and for the Nichols Creek Road Reconstruction. Plaintiffs filed a first amended complaint on December 10, 2015, alleging that Defendants' approval of the Project violated the National Environmental Policy Act ("NEPA"), the National Forest Management Act ("NFMA"), the Endangered Species Act ("ESA"), and the Administrative Procedure Act ("APA"). (Dkt. 7, ¶¶1-5). Each substantive claim in the amended complaint is specifically predicated on the decisions approving the Project.

On May 2, 2016, the parties completed summary judgment briefing. (Dkts. 15, 18, 21, 25). Ground disturbing activities associated with the Project were scheduled to begin July 15, 2016. Plaintiffs filed a motion for preliminary injunction on June 15, 2016. (Dkt. 27). On June 28, 2016, Defendants notified the Court the Forest Service had suspended the Greater Red Lodge Area Timber Contract in order to reinitiate ESA consultation, to perform any further NEPA analysis, and to determine whether a new decision was necessary. (Dkt. 36).

Defendants moved to stay proceedings, noting that the action was no longer

final. (Dkt. 39). The Court denied that motion, holding, among other things, that "The [Forest Service] has not withdrawn the Record of Decision ("ROD") for this Project. The [Forest Service] merely has suspended 'on-the-ground action to implement the [Project]' until the [Forest Service] completes reinitiation of consultation. The case could become moot upon the issuance of a decision that replaces the ROD." (Dkt. 42 at 5). Accordingly, the parties completed briefing on the preliminary injunction, and argued the merits in a September 29, 2016 hearing in Great Falls. (Dkt. 58). On November 22, 2016, the Court issued its order preliminarily enjoining the Greater Red Lodge Project until the Forest Service completes consultation on the Northern Rockies Lynx Management Direction ("Lynx Amendment") and incorporates the Lynx Amendment analysis into the Project-level consultation.[1] (Dkt. 66 at 16).

The Forest Service has now withdrawn the May 2015 RODs authorizing the Project and the Nichols Creek Road Reconstruction. *See* Attachment B, withdrawal notification letter dated January 17, 2017, distributed to all interested parties, stating that the RODs have been withdrawn. The Forest Service has also informed the U.S. Fish & Wildlife Service ("FWS") that the Project ROD has been

---

1 The Forest Service requested re-initiation consultation under Section 7 of the ESA for the Lynx Amendment on November 2, 2016. *See* Attachment A.

withdrawn and requested that FWS also withdraw its August 31, 2015 ESA concurrence letter. *See* Attachment C. The Project will not be implemented unless and until a new NEPA analysis is undertaken and a new decision is issued, addressing and incorporating any other analyses and providing any public administrative process that may be legally required. In addition, the Project will not be implemented and a NEPA decision will not be rendered until the Forest Service prepares a revised Biological Assessment and consults with FWS. *Id.*; (Dkt. 36; Dkt. 41-1).

## ARGUMENT

**I.    Plaintiffs' First Amended Complaint Should Be Dismissed.**

Withdrawal of the disputed RODs means there is no longer any final agency action to sustain review of Plaintiffs' NEPA and NFMA claims under the APA. 5 U.S.C. §§ 702, et seq.; *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260–61 (1999); *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011). A prerequisite for APA review is "final agency action." 5 U.S.C. § 704. The Supreme Court has long recognized that two conditions must be satisfied for agency action to be "final" under the APA: First, "the action must mark the consummation of the agency's decision-making process - it must not be of a merely tentative or interlocutory nature." *Bennett v. Spear*, 520 U.S. 154, 177–78

4

(1997) (internal citation omitted). Second, "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id*. at 178 (citation omitted)

Because the two RODs authorizing the Greater Red Lodge Project have now been completely withdrawn, there is no final agency action to sustain APA review. There is no "consummation of the agency's decisionmaking process." *Id*. Just the opposite, i.e., the Forest Service has officially withdrawn the decisions. No rights, obligations, or legal consequences are determined by or can flow from the disputed action (the Project) because, again, the RODs authorizing the action have been withdrawn. There is no final agency action, Plaintiffs cannot rely upon the APA to supply a waiver of sovereign immunity for their claims, and the amended complaint must be dismissed.

Likewise, Plaintiffs' ESA claims against the Project are also moot. Section 7(a)(2) of the ESA requires action agencies to consult on any "action authorized, funded, or carried out by such agency." 16 U.S.C. § 1536 (a)(2). The action agencies have withdrawn both the action underlying the ESA consultation documents at issue in this case and the ESA consultation documents themselves. Thus with the withdrawal of the Project there is no final agency action left on which the agencies can consult. Nor is there any final agency action for this Court

to review; any declaratory judgement regarding the adequacy of any claims against the withdrawn documents would be an advisory opinion. *See Nw. Envtl. Def. Ctr. v. Allen*, Civ. Nos. 05-1279-AA, 06-1190-AA, 06-1584-AA, 2007 WL 1746333, at *2-3 (D. Or. June 13, 2007).

Moreover, with the complete withdrawal of the RODs and the FWS ESA concurrence letter, Plaintiffs' claims against the Greater Red Lodge Project are unquestionably moot. Under Article III of the constitution, courts are "to decide actual controversies ... and not to give opinions upon ... abstract propositions." *Mills v. Green*, 159 U.S. 651, 653 (1895). The case-or-controversy requirement demands that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted). Here, the RODs have been withdrawn in their entirety by the Forest Service, and cannot and will not be a basis for any agency action. "Accordingly, the question whether the discarded ROD would violate environmental statutes is academic; it need not and should not be decided." *Washington Audubon Soc'y v. Robertson*, Nos. C89-160WD, C89-99(T)WD, 1991 WL 180099, at *12 (W.D. Wash. Mar. 7, 1991), citing *Racine v. United States*, 858 F.2d 506 (9th Cir.1988).

The NEPA claims about the adequacy of the analyses are academic because the RODs are no longer the agencies' "operative decisions" and any judicial determinations concerning the RODs or their supporting analyses are merely "advisory opinions." *Oregon Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995), as amended on denial of reh'g (June 29, 1995); *see also Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 78–79 (D.C. Cir. 2011) (new agency ROD moots challenge to superseded ROD). Likewise, NFMA and ESA claims that the Project portends harm to Forest species, habitat, or resources are also obviated by the fact that the Project is not going to occur. *Seattle Audubon Soc'y v. Evans*, 771 F. Supp. 1081, 1086 (W.D. Wash. 1991), aff'd sub nom. *Seattle Audubon Soc'y v. Evans*, 952 F.2d 297 (9th Cir. 1991).

The parties disagree about whether Plaintiffs' remaining claims are justiciable. However, in the interests of compromise and to avoid unnecessary litigation before this Court at this stage, and in light of the Forest Service's commitment to completing a supplemental EIS, providing a public objection process, and completing consultation under Section 7 of the ESA, the parties agree that the entirety of Plaintiffs' First Amended Complaint may be dismissed without prejudice to refiling in the future.

## II. The November 22, 2016 Preliminary Injunction Must Be Vacated.

For the same reasons as set forth above, the preliminary injunction must be vacated. The preliminary injunction is premised on the validity of Plaintiffs' ESA claims and Plaintiffs' alleged harms stemming from implementation of the Project. (Dkt. 66 at 8-15). Because the Court lacks jurisdiction to adjudicate the ESA claims, the preliminary injunction predicated on that cause of action must be vacated. *Ocean Conservancy v. Nat'l Marine Fisheries Serv.*, 416 F. Supp. 2d 972, 979 (D. Haw. 2006). Moreover, injunctive relief must be narrowly tailored to remedy the specific harm alleged, and an overbroad preliminary injunction is an abuse of discretion. *Lamb–Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir.1991). Because the would-be harm in this case (the Project) will not occur, there is no violation which would form the basis for a narrowly-tailored injunction. Indeed, a preliminary injunction "is of limited duration because it may not extend beyond the life of the lawsuit." *Pac. Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219, 1223 n. 2 (D. Or. 2016). Because Plaintiffs' lawsuit must be dismissed, the preliminary injunction must be vacated.

## III. Attorneys' Fees and Costs

As set forth in the First Amended Complaint, Plaintiffs seek a recovery of reasonable attorneys' fees and costs incurred in this litigation pursuant to the ESA,

16 U.S.C. § 1540(g)(4), and the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* The parties agree that the Court retains jurisdiction over any motion that Plaintiffs may file regarding attorneys' fees and costs. Once Plaintiffs file any such motion, the parties agree that they will endeavor to reach an agreement about payment of reasonable attorneys' fees and costs in this matter.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Plaintiffs' First Amended Complaint be dismissed without prejudice, and that the preliminary injunction in the above-entitled matter be vacated.

Respectfully submitted this 27th day of January, 2017.

    MICHAEL W. COTTER
    United States Attorney

    /s/ MARK STEGER SMITH
    Assistant U. S. Attorney
    Attorney for Defendant

    JOHN C. CRUDEN,
    Assistant Attorney General
    SETH M. BARSKY, Chief
    S. JAY GOVINDAN,
    Assistant Section Chief

    /s/ NICOLE M. SMITH
    Trial Attorney
    United States Department of Justice
    Environment & Natural Resources Division
    Wildlife & Marine Resources Section

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2017, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1,2,3 | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of Court

2. Rebecca K. Smith
   PUBLIC INTEREST DEFENSE CENTER, PC
   P.O. Box 7584
   Missoula, Montana 59807
   406/531-8133 – phone
   Email: publicdefense@gmail.com
   Attorney for Plaintiffs

3. Timothy M. Bechtold
   BECHTOLD LAW FIRM, PLLC
   P.O. Box 7051
   Missoula, Montana 59807
   406/721-1435 – phone
   tim@bechtoldlaw.net
   Attorney for Plaintiffs

**/s/ MARK STEGER SMITH**
**Assistant U.S. Attorney**
**Attorney for Defendant**